IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EOIR HOLDINGS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 09-95-SLR |
| | ) | |
| TECHNEST HOLDINGS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT TECHNEST HOLDINGS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING ARBITRATION OF BREACH OF CONTRACT CLAIM FILED BY DEFENDANT AGAINST PLAINTIFF**

OF COUNSEL:

Carmine R. Zarlenga
Nabina J. Sinha
HOWREY LLP
1299 Pennsylvania Ave NW
Washington, DC 20004-2402
Tel: (202) 783-0800

Peter J. Walsh, Jr. (DSB No. 2437)
D. Fon Muttamara-Walker ( DSB No. 4646)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19801
pwalsh@potteranderson.com
fmuttamara-walker@potteranderson.com

*Counsel for Defendant Technest Holdings, Inc.*

Dated: March 20, 2009

# TABLE OF CONTENTS

Pages

I. STATEMENT OF NATURE AND STAGE OF PROCEEDINGS ................................. 1

II. SUMMARY OF ARGUMENT ................................................................................... 1

III. STATEMENT OF FACTS .......................................................................................... 2

Contingent Purchase Price ...................................................................................................... 2

Arbitration Clause ................................................................................................................... 3

IV. ARGUMENT .............................................................................................................. 3

    A. A Dispositive Issue Presented By The Action Falls Within The Scope Of The Parties' Arbitration Agreement ................................................... 4

    B. The Court Should Stay The Entire Delaware Action Pending Arbitration ............. 6

V. CONCLUSION ........................................................................................................... 7

# TABLE OF AUTHORITIES

## CASES

*AppForge, Inc. v. Extended Systems, Inc.*,
No. 04-704-GMS, 2005 U.S. Dist. LEXIS 5039 (D. Del. Mar. 28, 2005) ............ 6

*BAE Systems Aircraft Controls, Inc. v. Eclipse Aviation Corp.*,
224 F.R.D. 581 (D. Del. 2004) ............ 4, 6

*BioLife Solutions, Inc. v. Endocare, Inc.*,
838 A.2d 268 (Del. Ch. 2003) ............ 5

*Dickinson Medical Group, P.A. v. Foote*,
No. 84C-JL-22, 1989 Del. Super. LEXIS 156 (Del. Super. Ct. Mar. 23, 1989) ............ 5

*Eureka VIII, LLC v. Niagara Falls Holdings, LLC*,
899 A.2d 95 (Del. Ch. 2006) ............ 5

*Harman Electrical Construction Co. v. Consolidated Engineering Co.*,
347 F. Supp. 392 (D. Del. 1972) ............ 7

*Hartford Financial Systems, Inc. v. Florida Software Services, Inc.*,
550 F. Supp. 1079 (D. Me. 1982) ............ 6

*Hudson v. D & V Mason Contractors, Inc.*,
252 A.2d 166 (Del. Super. Ct. 1969) ............ 5

*Jamison v. Rent-A-Center, Inc.*,
No. 05-26-GMS, 2005 U.S. Dist. LEXIS 15484 (D. Del. Aug. 1, 2005) ............ 6

*John Hancock Mutual Life Insurance Co. v. Olick*,
151 F.3d 132 (3d Cir. 1998) ............ 4

*Saienni v. G & C Capital Group*,
No. 96C-07-151-JOH, 1997 Del. Super. LEXIS 186 (Del. Super. Ct. May 1, 1997) ............ 5

*Wick v. Atlantic Marine, Inc.*,
605 F.2d 166 (5th Cir. 1979) ............ 6

## STATUTES

9 U.S.C. § 2 ............ 3

9 U.S.C. § 3 ............ 2

Fed. R. Civ. P. 1 ............ 7

Pursuant to Local Rule 7.1.2, Technest Holdings, Inc. ("Technest" or "Defendant") respectfully submits this motion to stay the above-captioned action pending the conclusion of a pending arbitration between the parties of a related claim for breach of the same contract under which Plaintiff EOIR Holdings LLC ("Plaintiff" or "EOIR Holdings") now makes claims against Defendant. Defendant submits that a stay of this case is appropriate under the Federal Arbitration Act because issues related to this case are the subject of the pending arbitration.

## I. STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

On September 24, 2008, Defendant filed a demand for arbitration against Plaintiff for breach of the Stock Purchase Agreement ("SPA") with the American Arbitration Association. An arbitration panel was appointed and the parties have commenced discovery. The arbitration is set for hearing on June 22, 2009. On February 17, 2009, Plaintiff served its complaint ("Complaint") in the above-captioned matter ("Delaware Action"), for breach of the same Stock Purchase Agreement, on the Secretary of State of Delaware. Defendant has filed its answer ("Answer") to the Complaint simultaneously with this Motion.

## II. SUMMARY OF ARGUMENT

The parties have a valid arbitration agreement which is subject to the Federal Arbitration Act. Whether Plaintiff is entitled, as alleged in its Complaint, to damages for Defendant's alleged breach of the SPA will depend on whether Plaintiff committed a prior material breach of the SPA by failing to pay "the Contingent Purchase Price" as defined in the contract. The Contingent Purchase Price issue is covered by the scope of the arbitration agreement and is currently being arbitrated.

The Federal Arbitration Act requires a court to stay any suit "brought…upon any issue referable to arbitration under" an arbitration agreement. 9 U.S.C. § 3. Application of that statute

here warrants a stay of this litigation pending the outcome of the June 22, 2009 arbitration hearing.

## III. STATEMENT OF FACTS

**Contingent Purchase Price**

On September 10, 2007, the parties entered into the SPA to effectuate the sale of EOIR Technologies, Inc. from its parent company, Defendant, to Plaintiff for a total purchase price of approximately $34 million. The SPA provides that Plaintiff will make two payments to Defendant. The first payment, for an amount of approximately $11 million (called the "Closing Date Purchase Price") was due, and paid in full by Plaintiff, at the time of the closing of the SPA on December 31, 2007. SPA, § 2.1.[1] The second payment, in the amount of approximately $23 million (called the "Contingent Purchase Price") was contingent upon the successful award to EOIR Technologies, Inc. of the follow-on of an existing contract with the U.S. Army's Night Vision and Electronic Sensors Directorate (the "follow-on to the NVESD contract"). SPA, Ex. A § 2. The contingent event of the award to EOIR Technologies, Inc. of the follow-on to the NVESD contract was fulfilled on August 6, 2008 and the Contingent Purchase Price became due on August 14, 2008. Notwithstanding satisfaction of the contingency, Plaintiff has not paid Defendant any of the Contingent Purchase Price of nearly $23 million, constituting approximately two thirds of the total purchase price.

---

[1] *See* Declaration of D. Fon Muttamara-Walker, in Connection with Defendant Technest Holdings, Inc.'s Memorandum of Law in Support of Motion to Stay Proceedings Pending Arbitration of Breach of Contract Claim Filed by Defendant Against Plaintiff, Exhibit 1 ("Muttamara-Walker Declaration, Ex. __.").

2

**Arbitration Clause**

The SPA contains an arbitration clause that subjects all disputes regarding the Contingent Purchase Price to final and binding arbitration:

> Notwithstanding anything else in the Agreement to the contrary, any and all controversies or claims between any party to the Agreement, their successors, and assigns arising out of, relating to, or having any connection with this Exhibit A and/or the Contingent Purchase Price, including, but not limited to, whether Seller is entitled to payment of the Contingent Purchase Price or whether the condition precedent to payment of the Contingent Purchase Price has been satisfied, shall be settled by final and binding arbitration as set forth herein.

SPA, Ex. A § 6(a).

On September 24, 2008, Defendant filed a demand for arbitration against Plaintiff, alleging that Plaintiff's failure to pay the Contingent Purchase Price constitutes a material breach of the SPA.

On December 5, 2008, Plaintiff wrote to Defendant to agree to an Adjustment to the Closing Date Purchase Price and demand payment of the same in the amount of $859,000. On December 12, 2008, Defendant responded by letter, stating that Plaintiff's "failure to pay the Contingent Purchase Price is a material breach of the Purchase Agreement that excuses further performance by Technest. Accordingly, Technest is not required to make payment" of the Adjustment to the Closing Date Purchase Price. *See* Muttamara-Walker Declaration, Ex. 2.

## IV. ARGUMENT

The Federal Arbitration Act ("FAA") applies broadly to arbitration agreements contained in contracts having some connection to interstate commerce, such as the SPA, and provides that such agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable." *See* 9 U.S.C. § 2. "The FAA mandates that district courts shall direct parties to proceed to arbitration on issues for which arbitration has been agreed, and to stay proceedings while the arbitration is

3

pending." *BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 585 (D. Del. 2004).

The Third Circuit has recognized the clear federal policy in favor of arbitration. *See John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 137 (3d Cir. 1998). District courts do not have discretion to entertain claims that fall within the scope of a valid arbitration agreement, and therefore, the only relevant factors to be considered by a Court are (1) whether the parties have a valid arbitration agreement and (2) whether any issues presented fall within the scope of that agreement. *Id.*; *see BAE Sys. Aircraft Controls, Inc.*, 224 F.R.D. at 585.

The SPA provides for the arbitration of any "claims between any party to the [SPA]...arising out of, relating to, or having any connection with...the Contingent Purchase Price." SPA, Ex. A § 6(a). That this is a valid arbitration agreement is not in dispute. Both parties are currently participating in arbitration proceedings over whether Plaintiff's failure to pay the Contingent Purchase Price constitutes a material breach of the SPA. Neither party has challenged the jurisdiction of the Arbitration Panel to adjudicate that issue.

### A. A Dispositive Issue Presented By The Action Falls Within The Scope Of The Parties' Arbitration Agreement

In its Complaint, Plaintiff alleges that Defendant breached the SPA in December 2008 when it did not pay the Adjustment to the Closing Date Purchase Price ($859,000). However, a key and determinative issue is whether Plaintiff's material breach of the SPA by failing to pay the Contingent Purchase Price excused the contract obligations at the heart of Plaintiff's Complaint in this action.[2]

---

[2] The former - Adjustment to the Closing Date Purchase Price - issue is not strictly subject to the parties' arbitration agreement and is therefore "non-arbitrable;" whereas, the latter - Contingent Purchase Price - issue is subject to the arbitration agreement and is therefore "arbitrable."

(continued on next page)

Under Delaware law, which applies here,[3] material breach of a contract by one party excuses further performance by the other party. *See BioLife Solutions, Inc. v. Endocare*, Inc., 838 A.2d 268, 278 (Del. Ch. 2003); *Eureka VIII, LLC v. Niagara Falls Holdings, LLC*, 899 A.2d 95, 117 n.54 (Del. Ch. 2006) ("[Defendant's] material breach of the LLC Agreement rendered it unable to complain of a later breach by [Plaintiff]."); *Hudson v. D & V Mason Contractors, Inc.*, 252 A.2d 166, 170 (Del. Super. Ct. 1969); *Saienni v. G & C Capital Group*, No. 96C-07-151-JOH, 1997 Del. Super. LEXIS 186, at *6 (Del. Super. Ct. May 1, 1997); *Dickinson Medical Group, P.A. v. Foote*, No. 84C-JL-22, 1989 Del. Super. LEXIS 156, at *19 (Del. Super. Ct. Mar. 23, 1989) ("If plaintiff is first guilty of a material breach of contract, it may not complain if defendant subsequently refuses to perform.").

Based on this established principle of Delaware law, even if Defendant did somehow breach the SPA in December 2008 as alleged in the Complaint, Plaintiff cannot prevail in the Delaware Action if it breached the SPA *first* by failing to pay the Contingent Purchase Price ($23 million) due over three months earlier in August 2008. This determinative issue – whether Plaintiff's failure to pay the Contingent Purchase Price constitutes a breach of the SPA – clearly falls within the scope of the arbitration agreement as evidenced by the Arbitration Panel's assumption of jurisdiction over it. Accordingly, this Court may not "entertain" the Contingent Purchase Price issue and instead must allow the Arbitration to adjudicate at least that discrete issue.

---

(continued from previous page)

[3] The SPA directs that it "is to be construed and governed by the Laws of the State of Delaware (without giving effect to principles of conflicts of laws)." SPA, § 21.

5

Whether Plaintiff breached the SPA first, thereby excusing Defendant of further performance is one of Defendant's key defenses in this action. If Plaintiff is permitted to proceed with this Action, the Court will be called upon to adjudicate the exact same issue that is the central focus of the pending arbitration – whether the Plaintiff breached the contract thereby excusing Defendant from the performance of the alleged obligations. The possibility of overlapping proceedings carries with it a host of undesirable consequences, including inconsistent adjudications, conflict with the Federal Arbitration Act, duplication of effort, inefficiency, and unnecessary costs.

### B. The Court Should Stay The Entire Delaware Action Pending Arbitration

The better approach, however, would be to stay the entire Delaware Action pending arbitration. Under Section 3 of the FAA, a Court should "should stay an action and compel arbitration when, in a pending suit, *any* issue is referable to arbitration." *Jamison v. Rent-A-Center, Inc.*, No. 05-26-GMS, 2005 U.S. Dist. LEXIS 15484, at *7 (D. Del. Aug. 1, 2005) (emphasis added; citation omitted); *BAE Sys. Aircraft Controls, Inc.*, 224 F.R.D. at 585.

Courts in Delaware and elsewhere have stayed litigation under circumstances *identical* to those presented here. *See, e.g., AppForge, Inc. v. Extended Sys., Inc.*, No. 04-704-GMS, 2005 U.S. Dist. LEXIS 5039, at *33 (D. Del. Mar. 28, 2005) (compelling arbitration on arbitrable issues and staying proceedings on non-arbitrable issues); *Wick v. Atlantic Marine, Inc.*, 605 F.2d 166, 168 (5th Cir. 1979) (stay pending arbitration especially appropriate where "resolution by the arbitrator of the arbitrable portions could have rendered the non-arbitrable portion largely at an end"); *Hartford Financial Systems, Inc. v. Florida Software Services, Inc.*, 550 F. Supp. 1079, 1085 (D. Me. 1982) ("The relationship between these arbitrable and nonarbitrable claims warrants a stay of the entire action pending arbitration....[T]he [nonarbitrable] might well be mooted, in whole or in part, by the arbitration award.").

6

A stay is appropriate here to respect the primacy of the arbitration. It will not likely result in a material delay in the proceedings. Most importantly, a stay would aid in promoting judicial economy and in helping to secure a "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1; *see also Harman Electrical Constr. Co. v. Consolidated Engineering Co.*, 347 F. Supp. 392, 397-98 (D. Del. 1972) ("In cases . . . where a substantial majority of related claims arising out of a series of transactions governed by contract are referable to arbitration under that contract, notions of judicial economy dictate that the entire suit be stayed pending resolution of those issues subject to arbitration."). This reasoning is fully applicable here.

## V. CONCLUSION

For the foregoing reasons, the Court should stay the Delaware Action pending completion of the Arbitration.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Carmine R. Zarlenga
Nabina J. Sinha
HOWREY LLP
1299 Pennsylvania Ave NW
Washington, DC 20004-2402
Tel: (202) 783-0800

By */s/ D. Fon Muttamara-Walker*
Peter J. Walsh, Jr. (DSB No. 2437)
D. Fon Muttamara-Walker (DSB No. 4646)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19801
pwalsh@potteranderson.com
fmuttamara-walker@potteranderson.com

*Counsel for Defendant Technest Holdings, Inc.*

Dated: March 20, 2009

908031

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, D. Fon Muttamara-Walker, hereby certify that on March 20, 2009, the attached documents were electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney of record that the document has been filed and is available for viewing and downloading.

I further certify that on March 20, 2009, the attached document was Electronically Mailed to the following person(s):

Kevin J. Mangan
Womble Carlyle Sandridge & Rice LLC
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
kmangan@wcsr.com

Gary J. Nunes
Keith J. Mendelson
Lesley W. Fierst
Womble Carlyle Sandridge & Rice LLC
8065 Leesburg Pike, 4th Floor
Tysons Corner, VA 22182
gnunes@wcsr.com
kmendelson@wcsr.com
lfierst@wcsr.com

*/s/ D. Fon Muttamara-Walker*
Peter J. Walsh, Jr.
D. Fon Muttamara-Walker
POTTER ANDERSON & CORROON LLP
(302) 984-6000
pwalsh@potteranderson.com
fmuttamara-walker@potteranderson.com